UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| **DANIEL WAYNE WHITAKER,** § | | |
| Institutional ID No. 1710847, § | | |
| § | | |
| § | | |
| § | | |
| **Plaintiff,** § | | |
| § | | |
| v. § | CIVIL ACTION NO. | |
| § | 1:11-CV-064-BL | |
| **ABILENE POLICE DEPARTMENT,** § | ECF | |
| *et al.,* § | | |
| § | | |
| **Defendants.** § | Referred to U.S. Magistrate Judge | |

## REPORT AND RECOMMENDATION

This matter is before the court *sua sponte* to consider Plaintiff's failure to comply with the court's order entered April 11, 2011 (Doc. 5), which required that Plaintiff to promptly notify the court of any change of address by filing a written notice of change of address with the clerk, and Plaintiff's failure to respond to the Order to Show Cause entered on May 23, 2012 (Doc. 15). The record reflects that the court's last mailing to the Plaintiff was returned undelivered on September June 1, 2012 (Doc. 26), and marked "return to sender," and "refused." Plaintiff has had no contact with the court since filing a Letter Motion for Leave to File Interrogatories and Production of Documents on April 18, 2012 (Doc. 10). Plaintiff has not indicated his consent to proceed before the United States magistrate judge pursuant to 28 U.S.C. § 636(c).

As noted in the Order to Show Cause, it appears that Plaintiff has been released from custody or transferred without advising the court of his new address, as required by the LR 83.13 and LR 83.14 of the Civil Local Rules of the District Court for the Northern District of Texas, which require

that a *pro se* party, like an attorney, must apprise the court of any address change. Plaintiff has severed contact with the court and has demonstrated a manifest lack of interest in litigating his claims, in violation of Fed. R. Civ. P. 41(b). In the Order to Show Cause, the court notified Plaintiff that failure to comply would result in a recommendation to the U.S. district court that Plaintiff's complaints be dismissed without prejudice.

A district court has the inherent authority to dismiss an action for failure to prosecute, with or without notice to the parties. *Clofer v. Perego*, 106 F.3d 678, 679 (5th Cir. 1997) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31(1962)); *Rogers v. Kroger Co.*, 669 F.2d 317, 319-20 (5th Cir.1982); *see also Larson v. Scott*, 157 F.3d 1030, 1032 (5th Cir.1998)

**IT IS, THEREFORE, RECOMMENDED** that the United States district judge dismiss this case without prejudice.

**IT IS ORDERED** that the transfer of this case to the United States magistrate judge is terminated, and the case is hereby transferred to the docket of United States District Judge Sam R. Cummings.

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of

-3-

the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.

The clerk shall mail a copy of this order to Plaintiff at his last known address by certified mail, return receipt requested, and to all other counsel of record by first class mail or electronically.

Dated this 8th day of June, 2012.

_____
**E. SCOTT FROST**
**UNITED STATES MAGISTRATE JUDGE**